UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JONATHAN ELLIOTT, D.B.A.
"EVOLVE TALENT AGENCY"
ON BEHALF OF 60+ SICILIANS,

**MEMORANDUM AND ORDER**
09-CV-5019 (CBA)

Plaintiff,

-against-

STATE OF NEW YORK,

Defendant.
------------------------------------------------------------x

**AMON, United States District Judge.**

On October 29, 2009, plaintiff, appearing *pro se*, filed the instant fee paid complaint. For the reasons discussed below, the Court dismisses the complaint as frivolous.

## BACKGROUND

Plaintiff's complaint alleges, *inter alia*:

> Plaintiff Jonathan Elliott has been detained and removed from a very public position as a talent agent for five years. The Sicilians have been detained over a year. The cause of action is that the State omitted key evidence in the case including the impending license renewal process towards the end of disestablishing Sicilian business in the State and that Officials work in each branch co-ordinated through the departments without independent initiative; that a single individual operating on both sides of Church and State managed to co-ordinate this action and enforce the disappearance, violating the independence of the executive, legislative and judicial branches *vis a vis* interaction with the three.

Complaint at 4. Plaintiff further states:

> The constitutional protection of the individual against the common majority is of vital and compelling interest to the Court. It was of primary concern to the founding fathers of the United States Government and necessary to uphold in precedent. It becomes a Federal question at the State level and a Federal Question when State officials pursue unreasonable methodologies in the course of Judicial proceedings.

Complaint at 8. Plaintiff seeks monetary damages in the amount of $336,000,000.00.

1

## STANDARD OF REVIEW

The Court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000); see also Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Brown v. New York State Sup. Ct. for Second Jud. Dist., No. 09 CV 234, 2009 WL 412131, at *2 (E.D.N.Y. Feb. 17, 2009).

"A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)); see also Rosquist v. St. Marks Realty Assoc., LLC, No. 08 Civ. 2764, 2008 WL 2965435, at *3 (E.D.N.Y. Aug. 1, 2008) (when it is clear that the defendants are immune from suit a dispositive defense appears on the face of the complaint and the action can be dismissed as frivolous).

## DISCUSSION

The State of New York is immune from suit. Absent a waiver on the part of the state or a valid congressional override, the Eleventh Amendment protects non-consenting states from being sued in federal court by private individuals. See U.S. Const., Amend. XI; see, e.g., Gorton v. Gettel, 554 F.3d 60, 62 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity.") (internal citations and quotations omitted); Garcia v. State Univ. of N.Y. Health Scis. Ctr., 280 F.3d 98, 107 (2d Cir. 2001) (the Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits

against non-consenting states). New York State has not consented to suit in federal court. See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977). Accordingly, the Eleventh Amendment bars plaintiff's claim for monetary damages against the State of New York. Montero, 171 F.3d at 760 (a complaint may dismissed as frivolous when defendant is immune from suit).

## CONCLUSION

Plaintiff's complaint is hereby dismissed as frivolous. Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 20, 2009

/S/
CAROL BAGLEY AMON
United States District Judge